UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 7, 2020
```

UNITED STATES OF AMERICA

16-CR-311 (KMW)
**OPINION & ORDER**

v.

DARREN MACK,

                    Defendant.
------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

Defendant Darren Mack has moved to reduce his sentence under the federal

compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19.  (ECF No.

444.)  The Government opposes the motion.  (ECF No. 447.)  For the reasons that follow,

Defendant's motion is DENIED.

## BACKGROUND

Defendant was arrested on or about August 31, 2016 in connection with the take-down of

a group known as "YNR."  According to the Government, YNR was a "violent street crew"

responsible for narcotics sales near 188th Street and Webster Avenue in the Bronx.  (Gov't

Opp'n at 1.)

The Government charged Defendant with (1) participating in a narcotics conspiracy

involving the distribution, and possession with intent to distribute, one kilogram or more of

heroin and 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A); and (2) using and carrying firearms during, in relation to, and in furtherance of, the

drug conspiracy, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

Defendant pleaded guilty to the lesser included offense of participating in a narcotics conspiracy involving the distribution, and possession with intent to distribute, mixtures and substances with cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

On May 24, 2018, the Court sentenced Defendant to 72 months' imprisonment, followed by three years of supervised release. The Court took into consideration the fact that Defendant sold a large quantity of heroin and crack cocaine over the course of several years and was responsible for violence in the community, including violence involving guns. (Sent. Tr. at 12, ECF No. 362.) The Court also recognized Defendant's tragic childhood and how it would have been extraordinarily difficult for him at a young age to obtain legitimate employment and avoid the streets. (*Id*. at 11-12.)

Defendant is currently serving his sentence at FCI Berlin, and his projected release date is June 20, 2021.

Defendant submitted an administrative request for compassionate release on March 31, 2020. (Gov't Opp'n at 3.) The Warden of FCI Berlin, Robert Hazelwood, denied Defendant's request on April 10, 2020. (*Id.*)

On July 6, 2020, Defendant filed the present motion. (ECF No. 444.) The Government filed its memorandum in opposition to the motion on July 20, 2020. (ECF No. 447.)

## LEGAL STANDARDS

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative

2

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  *Id.*

A court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).  In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the BOP's judgment. *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has resolved that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden of FCI Berlin. (*See* Gov't Opp'n at 3.)

# DISCUSSION

Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case. Defendant argues that compassionate release is warranted due to COVID-19 and the government's responses to the pandemic. (Mot. at 1.) However, Defendant does not allege that he suffers from any known underlying health condition that would heighten his chances of experiencing severe complications from COVID-19.[2] Rather, as the government notes, he appears to be "relatively young and healthy, with no particular risk factors for Covid-19." (Gov't Opp'n at 3, 7-8.)

Thus, the Court finds that the danger Defendant faces from the threat of exposure to COVID-19—without more—does not constitute an extraordinary and compelling reason for granting compassionate release, especially since there are no reported cases of COVID-19 among inmates at FCI Berlin as of September 21, 2020.[3]

The Court also finds that releasing Defendant would be contrary to the Sentencing Commission's directive that courts deny compassionate release to those who would pose a danger to the safety of the community. U.S.S.G. § 1B1.13(2); *see* 18 U.S.C. § 3582(c)(1)(A). Defendant sold large amounts of heroin and crack cocaine over time as part of a violent crew, stored firearms in a "stash house" in connection with the crew, and provided those firearms to others to commit violence. (Gov't Opp'n at 14.) As the Court recognized at sentencing, Defendant's offense was very serious because "[t]he [YNR] crew was a violent crew and not only dealt a large quantity of drugs over time but was responsible for violence in the community

---

[2] In his administrative request for compassionate release, Defendant asserted that his wife and children ███████ ███ require his support because of COVID-19. (Gov't Opp'n at App'x A.) However, Defendant did not assert or provide evidence of this matter in his motion; he asserts only his desire to be reunited with his loved ones. (Mot. at 1-2.) Therefore, the Court does not find it necessary to address this argument.

[3] *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Sept. 21, 2020); *see also* Gov't Opp'n at 3 (emphasis in original) (stating that "*no* inmates or staff have tested positive for Covid-19 at FCI Berlin").

4

including violence using guns." (Sent. Tr. at 12.)  With these same concerns in mind, the Court

finds that Defendant would pose a danger to his community were he to be released.  Thus,

compassionate release is not warranted.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under

§ 3582(c)(1)(A) is DENIED.


SO ORDERED.

Dated: New York, New York
      October 7, 2020
                                        /s/ Kimba M. Wood
                                        KIMBA M. WOOD
                              United States District Judge